IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00627-MEH

JAMES ACKERMAN, and
KRISTINE ACKERMAN,

    Plaintiffs,

v.

MATTHEW NAWROCKI,

    Defendant.

## ORDER ON DEFENDANT'S MOTIONS IN LIMINE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion in Limine [filed April 14, 2017; ECF No. 34]. Defendant's motion asks the Court to admit the written statements of an eyewitness to the ski accident underlying this case. Def.'s Mot. 2. For the following reasons, the Court denies Defendant's motion.

    Shortly after the ski collision giving rise to this lawsuit, Angel Pacheco—the then-boyfriend of Plaintiffs' niece, Julia Bryan—made a statement to ski patrol describing the incident. Def.'s Mot. 3, ECF No. 34. Because Mr. Pacheco spoke very little English, he relayed his observation to Ms. Bryan in a mixture of Spanish and broken English. Decl. of Julia Bryan ¶¶ 7–8, ECF No. 40-1. Ms. Bryan then transcribed the information on a witness statement form. *Id.* at ¶ 10.

    The parties agree that the witness statement form contains hearsay within hearsay. Def.'s Mot. 5; Pls.' Resp. 3, ECF No. 40. However, Defendant asserts the form is admissible under the

present sense impression and business record exceptions. Def.'s Mot. 5–8. Plaintiffs do not contest that a witness' statements to ski patrol directly following a collision would generally fall under these exceptions. Pls.' Resp. 4 ("Plaintiffs do not dispute that the other handwritten statements contained within the Ski Patrol Report, all of which were written by the declarants themselves, fall within the business records exception."). Instead, Plaintiffs claim the exceptions do not apply to Mr. Pacheco's statements, because the language barrier between Ms. Bryan and Mr. Pacheco renders the statements untrustworthy. *Id.* The Court holds that the witness statement form containing Mr. Pacheco's observations is inadmissible hearsay. The form contains multiple levels of hearsay, not all of which satisfy an exception to the hearsay rule.

Regarding Defendant's contention that the business record exception applies, Federal Rule of Evidence 803(6) renders admissible records of regularly conducted activities if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

"The essential component of the business records exception is that each actor in the chain of information is under a business duty or compulsion to provide accurate information." *United States v. McIntyre*, 997 F.2d 687, 699 (10th Cir. 1993); *United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986) ("The reason underlying the business records exception fails, however, 'if any of the

2

participants is outside the pattern of regularity of activity.'" (quoting *J. Weinstein & M. Berger, Weinstein's Evidence*, at 803–186 (1985))). Therefore, the general rule is that "[a]ny information provided by . . . an outsider to the business preparing the record[] must itself fall within a hearsay exception to be admissible." *United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006). An exception to this rule exists when "the business entity has adequate verification or other assurance of accuracy of the information provided by the outside person." *McIntyre*, 997 F.2d. at 700. The Tenth Circuit has provided two ways to satisfy this exception: "(1) proof that the business has a policy of verifying patrons' identities by examining their credit cards, driver's licenses, or other forms of identification; or (2) proof that the business possesses 'a sufficient self-interest in the accuracy of the record' to justify an inference of trustworthiness.'" *United States v. Cestnik*, 36 F.3d 904, 908 (10th Cir. 1994) (quoting *McIntyre*, 997 F.2d at 700).

In the present case, Mr. Pacheco and Ms. Bryan both participated in making the record. Mr. Pacheco relayed his observations to Ms. Bryan, who wrote them on the witness statement form. Because Mr. Pacheco and Ms. Bryan are both "outsider[s] to the business preparing the record," their statements must satisfy a separate hearsay exception or adequate guarantees of trustworthiness must exist. *Gwathney*, 465 F.3d at 1141. Even assuming, as Defendant contends, that Mr. Pacheco's statement falls under the present sense impression exception, Ms. Bryan's transcription of those observations does not satisfy an independent exception.[1] She did not perceive the events

---

[1] The Court notes that the present circumstance is different from that which normally arises with business records and hearsay within hearsay. Generally, an employee of the business documents the information. The employee's transcription need not satisfy an independent hearsay exception, because the employee is "under a business duty or compulsion to provide accurate information." *McIntyre*, 997 F.2d at 699. However, here, Ms. Bryan is not a ski patrol employee, and thus, she has no business duty to accurately transcribe the information. Accordingly, her interpretation of Mr. Pacheco's statements must satisfy an independent

3

Mr. Pacheco described, so as to satisfy the present sense impression exception, and no other exception applies. Furthermore, ski patrol does not have a sufficient self-interest in the accuracy of the record to justify an inference of trustworthiness. Although ski patrol would certainly prefer that witnesses tell the truth, it is not subject to any penalties should the statements be incorrect. Moreover, Defendant does not assert that ski patrol takes any actions to ensure the accuracy of the statements.

Even if ski patrol had a self-interest in the veracity of its witness statement forms, Mr. Pacheco's form is not sufficiently trustworthy to satisfy Rule 803(6). *See United States v. Huddy*, 62 F. App'x 903, 905 (10th Cir. 2003) ("To be admissible, business records must be trustworthy."). In *United States v. Hernandez*, the Tenth Circuit discussed whether records compiled by more than one person were sufficiently trustworthy to be admissible.[2] 333 F.3d 1168, 1179 (10th Cir. 2003). The court held that such records are admissible when "each participant in the chain testifies at trial as to the accuracy of his or her piece of the chain." *Id.* Applying this rule, the court admitted the records, because the first individual "testified that she accurately read [the information] to [the second individual], and [the second individual] testified that she accurately recorded it." *Id.* Here, Ms. Bryan stated in her declaration that her written statement may not be "an accurate depiction of what Mr. Pacheco intended to convey." Decl. of Julia Bryan ¶ 11. Therefore, the preparation of the witness statement lacks sufficient indicia of reliability to be admissible under Rule 803(6).

---

exception.

[2] Although the Court in *Hernandez* was determining whether records should be admitted as past recollections recorded under Rule 803(5), the court made clear that it was analyzing whether such records "possess . . . circumstantial guarantees of trustworthiness." 333 F.3d at 1179. Because the Court must make a similar trustworthiness determination here, the Court finds *Hernandez* persuasive.

4

In sum, the Court holds that Mr. Pacheco's witness statement to ski patrol is inadmissible hearsay. The statement constitutes hearsay within hearsay, and Ms. Bryan's transcription of Mr. Pacheco's observations does not satisfy any exception to the hearsay rule. Furthermore, even if ski patrol had a self-interest in the accuracy of Ms. Bryan's statement, the preparation of the witness form would not be sufficiently trustworthy to meet the business record exception. Accordingly, Defendant's Motion in Limine [filed April 14, 2017; ECF No. 34] is **denied**.

Entered and dated at Denver, Colorado, this 26th day of May, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge